IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEACHANGE INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARRIS GROUP, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No.: ____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SeaChange International, Inc. ("SeaChange"), for its Complaint against defendant ARRIS Group, Inc. ("ARRIS"), hereby alleges as follows:

### PARTIES

1. Plaintiff SeaChange International, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business at 50 Nagog Park, Acton, Massachusetts 01720.

2. On information and belief, defendant ARRIS is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 3871 Lakefield Drive, Suwanee, Georgia 30024.

### NATURE OF THE ACTION

3. This is an action for a declaration of non-infringement of a United States Patent.

4. This action arises under the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

6. The Court has personal jurisdiction over ARRIS because, among other reasons, ARRIS is a corporation organized and existing under the laws of the State of Delaware.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

8. Upon information and belief, ARRIS is the assignee of U.S. Patent No. 5,805,804 (the "'804 Patent"), entitled "Method and Apparatus for Scalable, High Bandwidth Storage Retrieval and Transportation of Multimedia Data on a Network" (attached hereto as Exhibit A).

9. In *nCUBE v. SeaChange*, Civ.A.No. 01-011 (JJF), SeaChange was accused by a predecessor to ARRIS of infringing the '804 Patent. After a trial, SeaChange changed its technology to avoid the alleged scope of the '804 Patent. Now, seven years later, ARRIS has accused SeaChange of still infringing the '804 Patent, by using that seven-year-old implementation, in particular by filing a motion for contempt in the previous litigation between the parties over the '804 Patent.

10. ARRIS and its predecessors have known, since at least on or about June 2002, that SeaChange redesigned its technology to avoid the alleged scope of the '804 Patent.

11. Accordingly, SeaChange seeks a declaration that it is not currently infringing any claim of the '804 Patent, that it has not infringed any claim of the '804 Patent since at least on or about June 2002, and that it has no liability for damages. An actual and justiciable controversy exists between the parties regarding the non-infringement of the '804 Patent. SeaChange and ARRIS have an adverse legal interest as to the '804 Patent and a substantial controversy of

sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment for non-infringement of the '804 Patent.

## COUNT I
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '804 PATENT

12. SeaChange repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

13. ARRIS and its predecessors-in-interest have known about the changes SeaChange made to its technology to avoid the alleged scope of the '804 Patent since at least June 2002, but elected to delay more than seven years to file a motion for contempt and to seek damages for those sales.

14. As a result of the unfair and inequitable seven year delay between when SeaChange made the changes and its recent filing of a motion for contempt, SeaChange has been damaged, and is entitled to a finding of laches, implied license and estoppel, release, payment, and/or waiver, precluding ARRIS from any claim for damages for SeaChange's redesigned product.

15. Accordingly, SeaChange is entitled to a declaratory judgment that it is not currently infringing any claim of the '804 Patent, it has not infringed any claim of the '804 Patent since at least June 2002, and ARRIS is not entitled to seek any damages for any sales made after June 2002.

## PRAYER FOR RELIEF

**WHEREFORE**, SeaChange prays for the following relief:

(a) that the Court enter an Order declaring that SeaChange does not infringe any claim of the '804 Patent, and has not infringed any claim of the '804 Patent since

at least June 2002, and ARRIS is not entitled to damages for sales made after June 2002;

(b)   that SeaChange be awarded its attorneys' fees, costs and expenses; and

(d)   that the Court grant SeaChange such other and further relief as it may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule Local Rule 38.1 and Fed. R. Civ. P. 38(b), SeaChange respectfully requests a jury for all matters so triable.

                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                    /s/ Melanie K. Sharp
                    Melanie K. Sharp (No. 2501)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware 19801

                    P.O. Box 391
                    Wilmington, Delaware 19899-0391
                    (302) 571-6681
                    msharp@ycst.com

                    Steven M. Bauer
                    Benjamin M. Stern
                    PROSKAUER ROSE LLP
                    One International Place
                    Boston, MA 02110-2600
                    (617) 526-9600

Dated: August 3, 2009

                    *Attorneys for SeaChange International, Inc.*