IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEACHANGE INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-573 (JJF) |
| ) | |
| ARRIS GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**ARRIS'S ANSWER AND COUNTERCLAIM
IN RESPONSE TO SEACHANGE'S
<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Defendant-Counterclaim Plaintiff ARRIS Group, Inc. ("ARRIS") by and through its undersigned counsel, respectfully submits its Answer and Counterclaim in response to SeaChange International, Inc.'s ("SeaChange") Complaint for a declaratory judgment and requests a trial by jury on all issues so triable.  ARRIS also requests that this Court stay this action pending resolution of the contempt proceeding in civil action No. 01-011 (JJF) because the contempt proceeding takes precedence over, and may render unnecessary, this declaratory judgment action.  ARRIS is submitting a motion to stay this declaratory judgment action in conjunction with filing this Answer.

**<u>ARRIS'S ANSWER TO SEACHANGE'S COMPLAINT</u>**

**<u>PARTIES</u>**

**<u>ALLEGATION:</u>**

1. Plaintiff SeaChange International, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business at 50 Nagog Park, Acton, Massachusetts 01720.

**ANSWER:**

ARRIS is without sufficient information or knowledge regarding the allegations in Paragraph 1, and therefore denies them.

**ALLEGATION:**

2.	On information and belief, defendant ARRIS is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 3871 Lakefield Drive, Suwanee, Georgia 30024.

**ANSWER:**

ARRIS admits paragraph 2.

## NATURE OF THE ACTION

**ALLEGATION:**

3.	This is an action for a declaration of non-infringement of a United States Patent.

**ANSWER:**

ARRIS admits that SeaChange purports to bring an action for a declaration of non-infringement of a United States Patent.

**ALLEGATION:**

4.	This action arises under the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

**ANSWER:**

ARRIS admits that SeaChange purports to state an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

**ALLEGATION:**

5. The Court has subject matter jurisdiction over this action pursuant to 28 US.C. §§ 1331, 1338 and 2201.

**ANSWER:**

ARRIS does not contest subject matter jurisdiction over this action. ARRIS states that this action should be stayed pending resolution of the contempt proceeding in civil action No. 01-011 (JJF).

**ALLEGATION:**

6. The Court has personal jurisdiction over ARRIS because, among other reasons, ARRIS is a corporation organized and existing under the laws of the State of Delaware.

**ANSWER:**

ARRIS does not contest personal jurisdiction over it in this case.

**ALLEGATION:**

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**

ARRIS admits paragraph 7 for purposes of this action.

## BACKGROUND

**ALLEGATION:**

8. Upon information and belief, ARRIS is the assignee of US. Patent No. 5,805,804 (the "'804 Patent"), entitled "Method and Apparatus for Scalable, High Bandwidth Storage Retrieval and Transportation of Multimedia Data on a Network' (attached hereto as Exhibit A).

**ANSWER:**

ARRIS admits paragraph 8.

**ALLEGATION:**

9. In *nCUBE v. SeaChange*, Civ.A.No. 01-011 (JJF), SeaChange was accused by a predecessor to ARRIS of infringing the '804 Patent. After a trial, SeaChange changed its technology to avoid the alleged scope of the '804 Patent. Now, seven years later, ARRIS has accused SeaChange of still infringing the '804 Patent, by using that seven-year-old implementation, in particular by filing a motion for contempt in the previous litigation between the parties over the '804 Patent.

**ANSWER:**

ARRIS states that in civil action No. 01-011 (JJF), companies that have subsequently been acquired by ARRIS asserted that SeaChange willfully infringed the '804 Patent. ARRIS further states that following trial, SeaChange was found to willfully infringe claims 1-4, 6, 7, 9, 10, 12, and 14 of the '804 Patent. ARRIS further states that on April 6, 2006, this Court entered a permanent injunction ordering, among other things, that SeaChange cease selling its "Interactive Television System that was found by the jury and adjudged to infringe the Adjudicated Claims of the '804 Patent as well as any devices not more than colorably different therefrom." ARRIS further states that on July 31, 2009, ARRIS filed a contempt proceeding against SeaChange for SeaChange's continued violation of the Court's permanent injunction by continuing to sell products that infringe the '804 Patent. ARRIS otherwise denies all remaining allegations in Paragraph 9.

**ALLEGATION:**

10. ARRIS and its predecessors have known, since at least on or about June 2002, that SeaChange redesigned its technology to avoid the alleged scope of the '804 Patent.

**ANSWER:**

ARRIS admits that SeaChange asserts that it has redesigned its technology to avoid the '804 Patent claims it was held to have infringed. Otherwise, denied.

**ALLEGATION:**

11.  Accordingly, SeaChange seeks a declaration that it is not currently infringing any claim of the '804 Patent, that it has not infringed any claim of the '804 Patent since at least on or about June 2002, and that it has no liability for damages. An actual and justiciable controversy exists between the parties regarding the non-infringement of the '804 Patent.  SeaChange and ARRIS have an adverse legal interest as to the '804 Patent and a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment for noninfringement of the '804 Patent.

**ANSWER:**

ARRIS admits that through this Action, SeaChange seeks a declaratory judgment of non-infringement regarding the '804 Patent and that there is an actual and justiciable controversy between the parties regarding infringement of the '804 Patent.  ARRIS further admits that SeaChange and ARRIS have an adverse legal interest as SeaChange's continued infringement of the '804 Patent is currently the subject of contempt proceedings in civil action No. 01-011 (JJF).  ARRIS states that this declaratory judgment action should be stayed pending resolution of the contempt proceeding.  ARRIS denies the remaining allegations and/or legal conclusions in Paragraph 11.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '804 PATENT

**ALLEGATION:**

12.  SeaChange repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:**

ARRIS repeats its responses to Paragraphs 1 through 11 of SeaChange's complaint as if fully set forth herein.

**ALLEGATION:**

13. ARRIS and its predecessors-in-interest have known about the changes SeaChange made to its technology to avoid the alleged scope of the '804 Patent since at least June 2002, but elected to delay more than seven years to file a motion for contempt and to seek damages for those sales.

**ANSWER:**

ARRIS admits that SeaChange asserts that it has redesigned its technology to avoid the '804 Patent claims it was held to have infringed. Otherwise, denied.

**ALLEGATION:**

14. As a result of the unfair and inequitable seven year delay between when SeaChange made the changes and its recent filing of a motion for contempt, SeaChange has been damaged, and is entitled to a finding of laches, implied license and estoppel, release, payment, and/or waiver, precluding ARRIS from any claim for damages for SeaChange's redesigned product.

**ANSWER:**

Denied.

**ALLEGATION:**

15. Accordingly, SeaChange is entitled to a declaratory judgment that it is not currently infringing any claim of the '804 Patent, it has not infringed any claim of the '804 Patent since at least June 2002, and ARRIS is not entitled to seek any damages for any sales made after June 2002.

**ANSWER:**

Denied.

### ARRIS'S COUNTERCLAIM FOR INFRINGEMENT

Counterclaim-Plaintiff ARRIS states its counterclaim for infringement against Counterclaim-Defendant SeaChange, which should be stayed in favor of ARRIS's contempt proceeding, as follows:

## JURISDICTION AND PARTIES

16. Counterclaim-Plaintiff ARRIS is a Delaware corporation with its principal place of business at 3871 Lakefield Drive, Suwanee, Georgia 30024.

17. According to the allegations in its Complaint, Counterclaim-Defendant SeaChange is a Delaware corporation with its principal place of business at 50 Nagog Park, Acton, Massachusetts 01720.

18. This Court has jurisdiction over ARRIS's counterclaim under 28 U.S.C. §§ 1338(a), 2201 and 2202 as well as under 28 U.S.C. §§ 1332 and 1367.

19. Venue is proper in this District because SeaChange has consented to the propriety of venue in this Court by filing the Complaint for declaratory judgment in this District, in response to which ARRIS asserts this Counterclaim. This Court has personal jurisdiction over SeaChange.

## COUNTERCLAIM
## [INFRINGEMENT OF U.S. PATENT NO. 5,805,804]

20. ARRIS is an assignee of U.S. Patent No. 5,805,804, and it possess rights of recovery under the '804 Patent, including the right to damages for past infringement.

21. SeaChange has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products and/or services, including the SeaChange ITV System and the SeaChange Axiom-on-Demand, that infringe at least claims 4 and 10 of the '804 Patent under 35 U.S.C. § 271(a), (b), (c), (f) and/or (g).

22. SeaChange has been aware of the '804 Patent since at least January 11, 2001.

23. On May 29, 2002, a jury found that SeaChange willfully infringes the '804 Patent. Since the jury's verdict, SeaChange has continued to infringe the '804 Patent and such infringement continues to be willful.

24. SeaChange will continue to infringe the '804 Patent unless and until it is enjoined again by this Court.

25. SeaChange has caused, and will continue to cause, ARRIS irreparable injury and damages by infringing the '804 Patent unless and until SeaChange is enjoined from infringing the '804 Patent.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, ARRIS requests judgment as follows:

1. That SeaChange has infringed the '804 Patent through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

2. Pursuant to 35 U.S.C. § 283, a permanent injunction enjoining SeaChange and its officers agents, servants, employees, attorneys and all others in active concert and/or participation with them from infringing the '804 Patent through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

3. Pursuant to 35 U.S.C. § 284, an award to ARRIS of damages adequate to compensate ARRIS for infringement of the '804 Patent by payment of no less than a reasonable royalty of 7% on SeaChange's sales of infringing products since May 2002, together with pre-judgment and post-judgment interest and costs;

      4.      Pursuant to 35 U.S.C. § 284, an award to ARRIS of enhanced damages up to three times the amount found or assessed by the jury in view of SeaChange's continued willful infringement of the '804 Patent;

      5.      Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award to ARRIS of all its reasonable costs and attorneys' fees; and

      6.      That ARRIS be granted such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

In accordance with LOCAL RULE 38.1 and FEDERAL RULE OF CIVIL PROCEDURE 38, ARRIS respectfully requests a jury trial on all issues triable to a jury in this action that may remain following resolution of the contempt proceeding in C.A. No. 01-011-JJF.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
   *Attorneys for ARRIS Group, Inc.*

OF COUNSEL:

Krista S. Schwartz
Sasha Mayergoyz
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
(312) 782-3939

August 25, 2009
3089281

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2009, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 25, 2009 upon the following individuals in the manner indicated:

**BY E-MAIL**

Melanie K. Sharp
YOUNG CONAWAY
STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
**msharp@ycst.com**

**BY E-MAIL**

Steven M. Bauer
PROSKAUER ROSE LLP
**sbauer@proskauer.com**

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

2919658