IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEACHANGE INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-573 (JJF) |
| | ) | |
| ARRIS GROUP, INC., | ) | **REDACTED – PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**ARRIS'S MOTION TO COMPEL
INTERROGATORY ANSWERS FROM SEACHANGE**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for ARRIS Group, Inc.
  (Formerly nCUBE Corporation*)

OF COUNSEL:

Krista S. Schwartz
Sasha Mayergoyz
Stacy A. Baim
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
(312) 782-3939

Original and Redacted Versions Filed:  May 5, 2010

**I.     INTRODUCTION**

ARRIS Group, Inc. ("ARRIS") requests that this Court compel SeaChange International, Inc. ("SeaChange") to provide full and complete responses to Interrogatories No. 1 and 2. SeaChange's answer to Interrogatory No. 1 inappropriately relies on FEDERAL RULE OF CIVIL PROCEDURE 33(d) to avoid explaining how modifications to its infringing products avoid the scope of the asserted claims—the very basis for SeaChange bringing this action. SeaChange provides no responsive information whatsoever to Interrogatory No. 2.

**II.     STATEMENT OF FACTS**

ARRIS and SeaChange previously litigated infringement and validity of U.S. Patent No. 5,805,804 ("the '804 Patent") before this Court.[1] Following a five-day trial, the jury found that SeaChange willfully infringed the '804 Patent through the sale of its Interactive Television ("ITV") video-on-demand products. The jury's finding of willfulness was based, in part, on SeaChange's destruction of draft opinions of counsel and its failure to provide crucial engineering documents to opinion counsel. As the Court noted:

> [T]his case once again presents questions that derive from unique factual circumstances. Specifically, during trial, Mr. Gerovac, SeaChange's Vice President of Research indicated that the two prior drafts of their "attorney opinion" [ ] regarding non-infringement of the ITV accused systems had been "recycled", and therefore, were not available for discovery in this case. As a result, the drafts were not offered into evidence and the jury was made aware of the fact that SeaChange had "recycled" these prior drafts. However, post-trial, SeaChange submitted declarations by Messrs. Gerovac, Nixon and Boyd. The declarations state that there were no material differences between the drafts of the Nixon opinion letter that were not retained, and that Mr. Nixon was provided with the most up to date technical information upon which to form his opinion.… On November 15, 2002, six months after trial, SeaChange filed a supplemental declaration of Mr. Gerovac, stating that he had found the two drafts in his office and attached them to his declaration for the Court's review.

---

[1]     Civil Action No. 01-011-JJF was brought by nCUBE Corporation which was acquired by C-COR Corporation. ARRIS thereafter acquired C-COR in December 2007. ARRIS continues to operate the video-on-demand ("VOD") product line formerly operated by nCUBE. For brevity, this memorandum refers to nCUBE and C-COR as ARRIS.

313 F. Supp.2d 361, 388 (D. Del. 2004).

On January 9, 2006, the Federal Circuit affirmed this Court's claim construction and the jury's findings of literal and willful infringement.  436 F.3d 1317, 1320-25 (Fed. Cir. 2006).  On April 6, 2006, this Court entered a permanent injunction order in Civil Action No. 01-011 (JJF).  On July 31, 2009, ARRIS filed a motion to hold SeaChange in contempt of the permanent injunction order.  SeaChange responded by filing this declaratory judgment action on August 3, 2009.  (D.I. 1.)  The sole count in SeaChange's complaint is whether modifications to the infringing product are enough to "avoid the alleged scope of the '804 Patent."  (D.I. 1 at 2-3.)

On January 13, 2010, the parties conducted a Rule 26(f) conference and submitted a proposed schedule to the Court.  (D.I. 23.)  On February 9, 2010, ARRIS served its First Set of Interrogatories.  Interrogatory No. 1 seeks the bases for SeaChange's contention that the changes to its infringing product avoid infringement of the '804 Patent:

> For each Infringed Claim, describe in detail every change to the Accused Products since May 29, 2002 that you contend avoids infringement of such claim or places the Accused Products outside the scope of such claim, ***state the date each such change was made, state your complete factual and legal basis for contending that such change avoids the scope of the Infringed Claim,*** identify the persons most knowledgeable about each such change, and identify all documents which reflect, or refer or relate to, any such change.

(Ex. A at 7.)[2]  Interrogatory No. 2 addresses willful infringement and requires SeaChange to identify:

> each opinion of counsel that you received referring or relating to whether the Accused Products infringe the Infringed Claims, and for each such opinion, state whether it was oral or written, identify the date the opinion was given, identify the persons who gave such opinion, [and] identify the recipients of such opinion.

(*Id.* at 8.)

On March 11, 2010, SeaChange served its responses to ARRIS's interrogatories.

---

2   Emphasis added throughout unless indicated otherwise.

(Ex. A.) SeaChange, however, failed to provide any meaningful answers to Interrogatory Nos. 1 and 2. For Interrogatory No. 1, SeaChange catalogued a slew of generic objections and stated that "[p]ursuant to Rule 33(d) … SeaChange will make the source code and other technical documents for the[] versions of the ITV and Axiom-on-Demand products available for Arris for inspection upon entry of a Protective Order." (*Id.* at 7-8.) For Interrogatory No. 2, SeaChange listed a litany of objections and failed to provide any responsive information. (*Id.* at 8-9.)

ARRIS and SeaChange met and conferred on several occasions about SeaChange's deficient interrogatory responses.[3] On April 27, 2010, SeaChange served a supplemental response that once again failed to provide full and complete answers. (Ex. B.) For Interrogatory No. 1, SeaChange provided a "general description of the changes" it made to the infringing product. (*Id.* at 2.) Importantly, SeaChange failed to link any changes to the claim limitations, and SeaChange did not explain how such changes purportedly avoid any claim limitations. Instead, SeaChange averred that the "burden is better borne by Arris to do the comparative analysis of source code, because only Arris knows what it considers an important change." (*Id.*) For Interrogatory No. 2, SeaChange refused to provide any meaningful response "at this time." (Ex. C.)

Given the extensive litigation history between the parties involving the '804 Patent, and the fact that Interrogatory Nos. 1 and 2 address issues at the heart of the current dispute, SeaChange should be compelled to provide full and complete responses.

## III.    LEGAL STANDARD

FEDERAL RULE OF CIVIL PROCEDURE 33 provides that a party may propound

---

[3] In addition to exchanging several letters and emails about SeaChange's interrogatory responses, Krista Schwartz (counsel for ARRIS) and Benjamin Stern (counsel for SeaChange) met and conferred about SeaChange's interrogatory responses via telephonic conference on April 1, 2010 and again on April 19, 2010.

interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). "[T]he court encourages parties to use 'contention' interrogatories to seek the legal conclusions made by opposing parties and factual basis for those legal conclusions. The purpose of contention interrogatories … is to give each party sufficient notice of the opposing party's contentions at trial and an opportunity to respond to those contentions." *Thorn EMI N. Am., Inc. v. Intel Corp.*, 936 F. Supp. 1186, 1191 (D. Del. 1996).

Further, "it has been found that contention interrogatories … are not the type of interrogatories that lend themselves to answer by use of Rule 33(d) because a search of the documents is unlikely to reveal a party's contentions." MOORE'S FED. PRAC. § 33.106 at 33-82. The reason for this rule is straightforward: "[D]ocuments themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions." *S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002).

IV. **ARGUMENT**

    A. **The Court Should Compel SeaChange To Provide A Full And Complete Response To Interrogatory No. 1**

SeaChange's response to Interrogatory No. 1 is deficient in several respects. First, while Interrogatory No. 1 expressly seeks SeaChange's "complete factual and legal basis for contending that each [identified] change avoids the scope of the Infringed Claim" and "the date each such change was made" (Ex. A at 7), SeaChange admits that its response provides no more than a "general description of changes" it made to the infringing product. (Ex. B at 2-3.) Critically, SeaChange's "general description" fails to identify the specific claim limitations that such changes purportedly avoid. SeaChange also fails to explain the basis for its contention as to how such changes avoid any claim limitations.

It is well-established that, "[i]n responding to interrogatories, a party has a duty to

provide 'true, explicit, responsive, complete and candid answers.'" *Hansel v. Shell Oil Corp.*, 169 F.RD. 303, 305 (E.D. Pa. 1996). Here, SeaChange's answer leaves ARRIS in the dark as to whether a particular change that SeaChange made was made in an effort to avoid infringement (and how it purportedly would avoid infringement in SeaChange's view) or for some other, unrelated reason. At best, ARRIS would have to speculate as to how or why any given change purportedly avoids infringement. Presented with similar circumstances, Court have routinely required a party to state the full basis for its contentions:

> [T]he court can well understand, at this stage of the case, why [defendant] would want to try to pin plaintiff down to specifics, so he can learn what he must defend against in court. The court believes each defendant is entitled to that information before trial and that it is not unduly burdensome, oppressive or inappropriate ***to require plaintiff to finally be brought to quarter and state its position, as to each count, with specific particularity, and disclose the evidence upon which it is going to rely at trial*** rather than referring to a mass of [documents] from which a defendant is supposed to winnow and glean, if he can, the relevant from the non-relevant, the wheat from the chaff, the jewels from the junk, as it were.

*Continental Ill. Nat. Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 689-90 (D. Kan. 1991). Allowing an answering party to provide only vague assertions in response to a contention interrogatory "would be to condone 'hide the ball' discovery practices … by permitting discovery to be an elusive guessing exercise." *Transclean Corp. v. Bridgewood Serv.*, 77 F.Supp. 2d 1045, 1062 (D. Minn. 1999).

Second, SeaChange fares no better with its statement that "[t]he burden is better borne by Arris to do the comparative analysis between the old and new versions of source code, because only Arris knows what it considers an important change." (Ex. B at 2.) SeaChange brought this action nearly a year ago, on the alleged foundation that it had "changed its technology to avoid the alleged scope of the '804 patent." (D.I. 1 at ¶¶9, 15.) Having premised its lawsuit on the changes it made to avoid infringement, SeaChange can hardly legitimately place the burden on

ARRIS to divine SeaChange's bases for claiming those changes avoid infringement. Before making that claim, SeaChange was obligated to investigate the bases for its position that any modifications it made to the infringing product avoided the scope of the '804 Patent claims. *See Construction Techs., LLC v. Pla-Cor*, 2006 WL 995204 (W.D. Wis. 2006) (explaining that Rule 11 requires an attorney who files "a declaratory judgment proceeding to resolve an infringement to compare the accused device with the construed patent claims"). As such, SeaChange has unique knowledge of the bases for its contentions, and only SeaChange can explain why it believes that changes to the infringing product avoid the scope of the claims. Given that Interrogatory No. 1 seeks an explanation of the very bases on which SeaChange premised this action, "only [SeaChange] can identify its own contentions and burden on [ARRIS] to try and divine [SeaChange's] contentions obviously imposes a greatly unequal burden on [ARRIS]." *Elfidenpan*, 206 F.R.D. at 577 n.5. Put simply, SeaChange "is more familiar with its contentions than is [ARRIS], so the burden is not equal." *Fresenisu Med. Care Holding v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 652 (N.D. Cal. 2004); *see Continental Ill.*, 136 F.R.D. at 690 ("Only plaintiff and its lawyers know what evidence … it intends to offer at trial and the relationship of that evidence to its theories of recovery.").

Third, SeaChange's invocation of Rule 33(d) to "designate[] source code versions 1.3.3, 13.4, and 1.4 of the SeaChange ITV system" and its hollow offer to allow ARRIS to review over 330 source code files cannot save SeaChange's deficient interrogatory response. To begin with, Rule 33(d) applies only when "the burden of deriving or ascertaining the answer will be **substantially the same** for either party." Contention interrogatories, like Interrogatory No. 1, "do not lend themselves to answer by use of Rule 33(d)" because "documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions." *Elfidenpan*, 206 F.R.D.

at 576-77.  Further, SeaChange "cannot escape [its] responsibility of providing direct, complete, and honest answers to interrogatories with the cavalier assertion that required information can be found in the … referenced material. …  Defendants are entitled to know the factual content of plaintiff's claim with a reasonable degree of precision." *Martin v. Easton Pub. Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980).  This reasoning applies with particular force in this case because SeaChange has identified over 330 source code files without any explanation of the functionality in those files or how any of the files relate to the claim limitations.  As one court observed, "Plaintiff's argument that defendant can discern, form the general mass, exactly what plaintiff claims …, as well as defendant can, is almost absurd." *Continental Ill.*, 136 F.R.D. at 682.  Indeed, presented with similar circumstances, courts have rejected a party's identification of source code in lieu of a narrative response:

> The interrogatories are directed to the functionality of the [answering party's] own products.  ***It is implausible for the [answering party] to contend that the [asking party] stands on equal footing when it comes to determining how the [answering party's] own products operate.***  As such, the court overrules the [answering party's] objection and orders the [answering party] to provide [ ] a full and complete narrative response for each of the accused devices.

*Laserdynamics, Inc. v. Asus Computer Int'l.*, 2009 WL 153161 at *3 (E.D. Tex. 2009).  The same logic and outcome obtains in this case.[4]

SeaChange's continued refusal to provide meaningful information about its alleged changes – even after it filed suit claiming that those alleged changes avoid infringement – speaks

---

[4]  As part of its supplemental response, SeaChange states that "upon proper notice, SeaChange will designate a witness to testify about the versions 1.3.3, 1.3.4, and 1.4." (Ex. B at 2).  SeaChange's offer to make a 30(b)(6) deponent available to answer questions about its source code does not and cannot alleviate SeaChange's duty to provide a full interrogatory response.  Notably, SeaChange does not offer to make a witness available to testify on the topic of Interrogatory No. 1. Further, even had SeaChange offered to make a witness available to testify on the topic of Interrogatory No. 1, the Federal Rules lack *any* provision for providing a 30(b)(6) deponent in lieu of a full interrogatory answer.  ARRIS elected to propound an interrogatory on this topic and is entitled to a full response to that interrogatory.  "[M]ethods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(2)(A).

volumes. SeaChange should be compelled to provide a full and complete answer to Interrogatory No. 1, including an identification and description of every change to the accused products it contends avoids infringement, when such change was made, and an explanation of how these changes avoid the scope of the patent claims.

### B. SeaChange's Answer To Interrogatory No. 2 Is Insufficient

Interrogatory No. 2 seeks facts surrounding SeaChange's opinions of counsel, including whether SeaChange intends to rely on such opinions of counsel. Although Interrogatory No. 2 seeks relevant, factual, and non-privileged information, SeaChange has unilaterally decided to delay discovery on this topic by refusing to answer "at this time." (Ex. C.)

FEDERAL RULE OF CIVIL PROCEDURE 33(B)(2) requires that a party provide its answers and any objections to an interrogatory within thirty days of being served with the interrogatory. The Rules do not permit a party to set its own timeline for providing a substantive answer to an interrogatory. That, however, is precisely what SeaChange has chosen to do. SeaChange objects to Interrogatory No. 2 as premature and "refuses to supplement its response at this time." (Ex. C.) Whether SeaChange has opinions of counsel, and whether it will rely on those opinions, is not privileged material and must be disclosed. SeaChange should be compelled to supplement its response to fully identify any opinions of counsel and to state whether SeaChange will rely upon such opinions in this case. If no opinions of counsel exist, then SeaChange should clearly state so. Neither the Local Rules nor the Federal Rules contain any provision permitting SeaChange to delay answering Interrogatory No. 2. Simply put, ARRIS is entitled to take discovery on this factual topic and SeaChange can point to no safe harbor for refusing to provide factual information until some future date.

SeaChange's efforts to delay answering Interrogatory No. 2 should be viewed with particular skepticism given its history with written opinions of counsel related to the '804 Patent.

In the 01-011 (JJF) litigation, SeaChange's corporate representative testified that he had destroyed earlier drafts of a written opinion of counsel on which SeaChange was relying. *See* 313 F. Supp.2d at 380. A full six months *after* submission of post-trial briefs in that litigation, SeaChange submitted drafts of that written opinion of counsel to the Court, along with declarations alleging it had "misplaced" those drafts. *See id.* at n.1. Given SeaChange's history with opinions of counsel, the prior finding of willful infringement of the '804 Patent, and the clear relevance of any additional opinions of counsel to the issue of on-going willful infringement, SeaChange should not be permitted to push off discovery into this issue until some later, undetermined time. SeaChange should be compelled to fully answer Interrogatory No. 2.

## V. CONCLUSION

For all of the above reasons, ARRIS's Motion to Compel Interrogatory Responses should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

OF COUNSEL:

Krista S. Schwartz
Sasha Mayergoyz
Stacy A. Baim
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
(312) 782-3939

May 5, 2010
3532336

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for ARRIS Group, Inc.*

## **RULE 7.1.1 CERTIFICATION**

I hereby certify that counsel for ARRIS has raised the subject of the foregoing motion with counsel for SeaChange, and that SeaChange did not agree to the requested relief.

Dated:  May 5, 2010                                     */s/ Mary B. Graham*
                                                                           Mary B. Graham (#2256)

3532435

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 5, 2010 upon the following individuals in the manner indicated:

| BY E-MAIL | BY E-MAIL |
|---|---|
| Melanie K. Sharp<br>Mary F. Dugan<br>YOUNG CONAWAY<br>STARGATT & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br><br>**msharp@ycst.com**<br>**mdugan@ycst.com** | Steven M. Bauer<br>PROSKAUER ROSE LLP<br>**sbauer@proskauer.com**<br><br>Benjamin M. Stern<br>PROSKAUER ROSE LLP<br>**bstern@proskauer.com**<br><br>Nolan M. Goldberg<br>PROSKAUER ROSE LLP<br>**ngoldberg@proskauer.com**<br><br>Zachary P. Piccolomini<br>PROSKAUER ROSE LLP<br>**zpiccolomini@proskauer.com**<br><br>Allison K. Jones<br>PROSKAUER ROSE LLP<br>**akjones@proskauer.com**<br><br>Patrick Myers<br>PROSKAUER ROSE LLP<br>**pmyers@proskauer.com** |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

2919658